IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. ANDERSON, | ) | CASE NO.  5:09 CV 671 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| WARDEN BRADSHAW, | ) | Magistrate Judge James S. Gallas |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge James S. Gallas (Docket #23).  The Magistrate Judge recommends that the Motion to Dismiss filed by Respondent (Docket #14) be granted and the Petition for Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254 (Docket #1) be dismissed in its entirety.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> Before the undersigned is William Lamont Anderson's March 2009 petition for writ of habeas corpus under 28 U.S.C. §2254, and the warden's motion to dismiss (ECF # 1, 14). This is Anderson's **second habeas petition**. Like his prior March 2008 petition, Anderson challenges the July 20, 2005 criminal judgment from the Summit County, Ohio Court of Common Pleas sentencing him to life imprisonment (plus three years for firearm specification) on the jury's findings of guilt for aggravated murder with firearm specification,

tampering with evidence, having a weapon while under disability, and possession of cocaine. See *State v. Anderson*, 2006 WL 2788450, 2006-Ohio-5048 (Ohio App. 9 Dist.). Anderson's victim, Dewayne Ball, was shot execution-style in the arm, head, and chest as Ball was exiting his vehicle. The victim's girlfriend was in the car and identified Anderson as the perpetrator following a short pursuit which led to Anderson's capture behind a trash dumpster.

Anderson had timely appealed this judgment to the state district court of appeals on August 22, 2005, but his direct appeals concluded with the Ohio Supreme Court's dismissal of appeal on March 14, 2007 for lack of a substantial constitutional question. See *Id.,* and *State v. Anderson*, 113 Ohio St. 3d 1414, 862 N.E.2d 843, 2007-Ohio-1036 (Table 2007).

On March 7, 2008, Anderson timely filed his first petition for federal habeas corpus within the "1-year period of limitation" following the conclusion of direct review under 28 U.S.C. §2244(d)(1)(A)**.** This first petition, however, was accompanied by a motion for stay and abeyance pending the outcome of pending state proceedings relating to his 2005 conviction. (See *Anderson v. Hudson*, Case No. 5: 08 CV 0601(N.D. Ohio)). Anderson had conceded at that time that this first habeas petition was a mixed petition of exhausted and unexhausted claims. Anderson was ordered to file status reports every 60 days, but he failed to comply. As a result on October 22, 2008, this first petition was dismissed without prejudice. (08 CV 0601, ECF # 5). Anderson moved for relief from judgment under Fed. R. Civ. P. 60(b) on December 5, 2008, pointing out that the state appellate court had granted him delayed appeal on August 18, 2008. (*Id*., ECF # 6-7). This motion was denied on February 23, 2009, and this precipitated Anderson's second habeas petition in March 2009. (*Id*., nondocument order dated Feb. 23, 2009).

Anderson's second petition for federal habeas corpus was received by the Court on March 25, 2009, but considering Anderson's certification that he placed it in the prison mailing system on **March 20, 2009**, that date is deemed the filing date under the extension of the "prison mailbox rule" to habeas corpus petitions from *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). See *Miller v. Collins*, 305 F.3d 491, 497-498 & n. 8 (6th Cir. 2002). The warden contends that the second habeas corpus petition is untimely and must be dismissed as filed beyond the 1-year statute of limitations contained in 28 U.S.C. §2244(d)(1)(A), and further that federal collateral review of grounds four through eight is barred due to procedural default.

On March 9, 2010, Magistrate Judge Gallas issued his Report and Recommendation.

(Docket #23.) Magistrate Judge Gallas recommends that the Motion to Dismiss filed by

Respondent be granted and that the Petition be dismissed. Specifically, the Magistrate Judge

-2-

found Petitioner's second Petition to be time-barred, as Petitioner had until June 13, 2008 to timely submit his second petition. Petitioner's second habeas petition, filed on March 20, 2009, falls nearly nine months outside the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A). Further, the Magistrate Judge found grounds four through eight of the Petition to be procedurally defaulted. The Magistrate Judge found no basis upon which the statute of limitations should be tolled or reset, and determined that Petitioner failed to demonstrate that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law, or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding. See 28 U.S.C. § 2254(d)(1) and (2). Finding no demonstrated need for an evidentiary hearing, the Magistrate Judge recommended that the Petition be denied and dismissed in its entirety.

On March 24, 2010, Petitioner filed his objections to the Report and Recommendation. (Docket #24.) Petitioner challenges the evidence and testimony in this case and argues his actual innocence. Petitioner asserts that equitable tolling of the statute of limitations is appropriate under the facts and circumstances in this case.

On March 29, 2010, Respondent filed an Opposition to Petitioner's Reply to the Magistrate's Report and Recommendation. (Docket #26.) Respondent restates the position that Petitioner had until June 13, 2008 to timely submit his habeas Petition, but did not mail is Petition until March 2009, approximately 9 months beyond the one-year limitations period. Respondent argues that there is no basis upon which to toll the limitations period. Respondent asserts that Petitioner failed to diligently pursue his rights.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Conclusion

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, the objections to the Report and Recommendation raised by Petitioner, and Respondent's response thereto. The Court finds the Report and Recommendation to be well-reasoned and correct. The Magistrate Judge thoroughly analyzed the factual and procedural history of this case, the grounds for relief raised by Petitioner, and the issues raised by Respondent's Motion to Dismiss. This Court hereby adopts the findings of fact and conclusions of law set forth by the Magistrate Judge in his Report and Recommendation as its own.

Accordingly, the Report and Recommendation (Docket #23) is hereby ADOPTED in its entirety. The Motion to Dismiss filed by Respondent (Docket #14) is hereby GRANTED. The Petition (Docket #1) is hereby DISMISSED in its entirety.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, the Petition is barred by the applicable one-year statute of limitations and grounds four through eight of the Petition are procedurally defaulted. A reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                             *s/Donald C. Nugent*
                                             DONALD C. NUGENT
                                             United States District Judge

DATED: March 31, 2010